DÍAZ ET AL., PLAINTIFFS AND APPELLANTS, v. BARCELÓ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Debt.

MOTION by the Appellee for Dismissal of the Appeal.

No. 1976.—Decided April 24, 1919.

APPEAL.—According to section 294 of the Code of Civil Procedure, any party aggrieved by the judgment of a court may appeal in the cases prescribed in the said code. Therefore, a party who is not aggrieved by the judgment cannot appeal. A party cannot appeal from a judgment or order rendered wholly in his favor. *Freyre* v. *Quintero and National Surety Co.,* 23 P. R. R. 119; *Alcaide* v. *Morales et al.,* 26 P. R. R. 209; 2 R. C. L. 56.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for the appellants.

*Mr. Manuel Benítez Flores* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellee alleges as one of the grounds for the dismissal of this appeal that the appeal is frivolous inasmuch as the judgment below is not adverse or in any manner prejudicial to the appellants, because it is strictly in harmony with the prayer of their complaint.

According to the transcript of the record which we have before us for considering the appeal taken by the plaintiffs from the default judgment entered against the defendant by the clerk of the lower court under paragraph 1 of section 194 of the Code of Civil Procedure, in their amended complaint the plaintiffs prayed for judgment against the defendant for the sum of $15,000 which he owed them under a loan contract, with interest thereon from August 12, 1916, at 8 per cent per annum, and the costs of the action; and the judgment was that the defendant pay to the plaintiffs the sum of $15,000, with interest from August 12, 1916, at 8 per cent per annum, and the costs of the action.

As will be seen, there is perfect congruity between the judgment and the claim of the plaintiffs, for the judgment

awarded them exactly what they prayed for from the defendant.

According to section 294 of the Code of Civil Procedure, any party aggrieved by the judgment of a court may appeal in the cases prescribed in said code; hence, in order that a judgment may be appealed from it must harm the party who appeals from it. A party cannot appeal from a judgment or order which is wholly in his favor. *Freyre* v. *Quintero and The National Surety Co.,* 23 P. R. R. 119; *Alcaide* v. *Morales et al.,* 26 P. R. R. 209; 2 R. C. L. 56.

As the judgment in this case awarded to the plaintiffs all that they asked for, we can not see what injury it could have caused them in order to enable them to appeal from it; therefore the appeal is absolutely frivolous.

We cannot suppose that the appellants pretend that the judgment awarded them a sum different from what they sued for, nor as to the interest and the date from which it runs, because it is in harmony with their claims. Nor as to the costs, for they are awarded in the judgment in the manner prayed for. Nor could we in this appeal vary the terms of the judgment below so as to order the payment of attorney fees, for it being a ministerial duty of the clerk in case of default to enter judgment for the amount specified in the summons (which was substituted in this case by the amended complaint served on the defendant) and the costs, he complied with that requirement by entering judgment as prayed for.

For the foregoing reasons the appeal taken by the plaintiffs is both out of place and frivolous and must be dismissed.

*Motion sustained.*

.Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.